## SOUTHWESTERN COLLEGE OF INDUSTRIAL ARTS v. UNITED STATES.

### No. 50315.

United States Court of Claims.

Decided July 15, 1952.

Ernest May, Fort Worth, Tex., for the plaintiff.

John R. Franklin, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff, by its petition, sues for $21,057.69 which it says the United States owes it for tuition and registration fees of, and text books, equipment and supplies furnished to, veterans who were enrolled in the plaintiff college, pursuant to Public Law 346, 78th Congress, 58 Stat. 284. The Government, by its answer, denies the asserted liability, and also claims that the plaintiff is indebted to it because the plaintiff overcharged the Government $7,936.39 for tuition which the Government has already paid, the overcharge consisting of charging full tuition for students who were absent in excess of 15 days. From the list of students attached to the plaintiff's petition it appears that the schooling here in question took place within a few months in the summer of 1927. We suppose, therefore, that the 15 days of absence stated

in the counterclaim might have occurred at any time during the period of enrollment.

The plaintiff has moved for summary judgment dismissing this counterclaim. It urges that the fact of an enrolled student's absence has nothing to do with the Government's liability for his tuition; that the Veterans' Administration had the power to terminate the veteran's schooling if it thought he was not making good use of it, but that so long as it allowed him to be enrolled it should pay his tuition. The plaintiff's second ground for its motion relates to another litigation, which, it says, makes the matter raised by the Government's counterclaim a *res adjudicata.*

The plaintiff sued the Government in the District Court of the United States for the Northern District of Texas, Fort Worth Division, in Civil Action No. 1865. It sued for money alleged to be due it for the vocational rehabilitation of disabled veterans pursuant to Public Law 16, 78th Congress, 57 Stat. 43. Part VII, inserted into the pertinent Veterans' Regulation by Public Law 16, related to disabled veterans, and we will hereinafter refer to them as Part VII veterans, and to the others whose tuition, fees and equipment are the subject of the instant suit as Part VIII veterans, because their right to schooling at Government expense was given by Part VIII, inserted into the Veterans' Regulations by Public Law 346. The plaintiff's suit in the District Court, then, related to Part VII veterans. The Government there filed a counterclaim, asserting that the plaintiff was indebted to it because of overpayments by it on vouchers presented by the plaintiff with regard to both Part VII and Part VIII veterans. In the Government's counterclaim it listed, by numbers and dates, twenty-five vouchers which the plaintiff had presented, each voucher covering a considerable number of veterans. It said that the claims covered by these vouchers were knowingly fraudulent; it asked for a judgment for $50,000, i. e., $2,000 for each of the vouchers, pursuant to a statute, 31 U.S.C.A. § 231, imposing a penalty of $2,000 for the presentation of a fraudulent claim; it asked, in the alternative, for a judgment for $11,024.57, the actual amount of the overpayment on the vouchers, if the court should conclude that fraud had not been proved.

In the instant case, in response to a motion by the plaintiff for a more definite statement by the Government with regard to its counterclaim, the Government has filed its Exhibit 1. This is a photostatic copy of 15 pages of handwritten material, each page listing the names of some thirty veterans with a tabulation of their attendance records and the amount of the alleged overpayment made as to each one.

The plaintiff has filed an affidavit stating that a comparison of the Government's Exhibit 1 with the papers filed in the District Court proceeding in Texas shows the following facts. (1) Of the twenty-four Part VII veterans named in the Government's Exhibit 1, the accounts of twenty-two of them were litigated and decided in the District Court suit. (2) All of the several hundreds of alleged overpayments listed in the Government's Exhibit 1 were included in one or more of the twenty-five vouchers listed in the Government's Amended Counterclaim in the District Court, except certain ones listed in the affidavit, the aggregate amounts of which are only $233.95.

██ It appears then, that in the District Court litigation, the Government interposed a counterclaim, and included in it all the alleged overpayments, with the minor exceptions noted above, which it now asserts in its counterclaim in the instant suit. It apparently did not introduce evidence to support its allegations of all the overpayments which it pleaded. Why it did not do so does not appear. The District Court had jurisdiction to adjudicate its counterclaim without any limitation as to amount. We think that when a cause of action is pleaded, and litigated, the party so pleading in that litigation cannot, in a subsequent suit, include some of the items covered by his pleading in the former litigation, but which he did not attempt to prove in that litigation. Whether or not the doctrine of *res adjudicata* applies to matters which could have been, but were not, included in a prior suit, we have no doubt as to its applicability to matters which were

actually covered by the pleadings in the former suit, whether supporting proof was or was not presented.

The Government urges that, because the plaintiff did not, in its suit in the District Court, include its claims for Part VIII veterans, on which claims it is suing here, it has no right to complain against the Government's including in its present counterclaim items which were included in its District Court counterclaim. We do not see the force of this argument. If the plaintiff had included both its Part VII and Part VIII claims in its District Court suit, the amount claimed would have exceeded $10,000, and that court would have been without jurisdiction. The plaintiff, apparently for that reason, did not plead its Part VIII claims in that suit. But the Government did plead the items of the counterclaim asserted here, with the exceptions noted above, and the District Court had jurisdiction to adjudicate them.

The plaintiff's motion is granted, except insofar as the defendant's counterclaim relates to alleged overpayments in regard to Nicholas Garrett and Leroy Bingham, and to the persons and amounts listed in the affidavit filed by the plaintiff herein showing an aggregate amount of $233.95.

It is so ordered.

JONES, C. J., and HOWELL, WHITAKER and LITTLETON, JJ., concur.